[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
The issue presented in this motion to dismiss is whether inclusion in a notice to quit of both the reservation of use and occupancy clause[1] and the federally required language regarding the ability to discuss the "proposed termination"[2]
with the landlord renders the notice to quit equivocal and thus ineffective. As noted by both sides in this dispute, there is a split of authority in Superior Court cases, and there is no binding appellate precedent. Compare First Baptist Housing ofBridgeport, Inc. v. Boager, SPBR 412 (SPBR 94-11-28392 (Housing Session 1995, Tierney, J.) with Fairmont HeightsAssociates L.P. v. Phiffer, SP WA 9706 18153, (Housing Session 1997; Levin, J.).
There is logic underlying both positions. The plaintiff has argued that the legislature has intended to simplify, or at least not overly to complicate, the process by allowing the federal and state notice requirements to be satisfied in one document, to the extent possible, and cites authority in accord. The defendant, citing at least equally persuasive authority, has suggested that Judge Tierney's proposals for the means of satisfying both sovereigns are not overwhelmingly difficult, and argues that language which purports both to terminate a tenancy on service of the notice to quit and to give an opportunity to discuss a "proposed termination" is equivocal. There is, of course, longstanding black letter authority for the proposition that an equivocal notice to quit is insufficient to terminate a tenancy. CT Page 9736
On balance, I find that the inconsistent language[3] in the notice to quit, though quite understandable, does render the notice equivocal and the motion to dismiss is therefore granted. Beach, J.